UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Celina D. Cason,

Debtor.

Case No. 11-41480
Chapter 7
Hon. Walter Shapero

_____/

**OPINION GRANTING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER REQUIRING DEBTOR'S BANKRUPTCY PETITION PREPARER TO MAKE PAYMENT TO DEBTOR, THE COURT AND UNITED STATES TRUSTEE**

## I. Factual Background

On March 9, 2011, the United States Trustee ("UST") filed a motion for an order requiring Vernon Taylor, Debtor's bankruptcy petition preparer, to make payment to the Debtor, the Court, and the UST (Docket No. 16). The UST's motion alleged that (1) Taylor acted as a bankruptcy petition preparer in this case in violation of an injunction ("Injunction") issued in another bankruptcy case which permanently enjoined Taylor from acting as a bankruptcy petition preparer; (2) Taylor engaged in fraudulent, unfair, or deceptive activity in violation of 11 U.S.C. § 110(i)(1)(B) by failing to tell the Debtor he was enjoined from providing assistance and by attempting to conceal his involvement in the case; (3) Taylor violated other subsections of 11 U.S.C. § 110, including subsection (b) for failing to sign his name to the documents; subsection (c) for failing to provide his social security number or other identifying number on the documents; and subsection (e)(2)(A) for providing legal advice to the Debtor; and (4) Taylor intentionally violated 11 U.S.C. § 526(a) by advising the Debtor to make false statements and by misrepresenting his services. The referred to Injunction is contained in a Consent Judgment entered on November 8, 2007 by the Honorable Thomas J. Tucker in bankruptcy case no. 07-58703.[1] On March 17, 2011, Taylor filed a response (Docket No. 17) to the UST's motion. The Court held a hearing on the UST's motion on April 7, 2011. Taylor and the UST both appeared at that hearing, but Taylor asked that the hearing be adjourned to allow him to find counsel. The Court adjourned the hearing to May 4, 2011 at 3:00 p.m., a time when it could conduct an

---

[1] The Consent Judgment for Injunctive Relief states, in pertinent part: "Vernon C. Taylor is hereby permanently enjoined from the preparation of Bankruptcy Petitions for compensation."

1

evidentiary hearing. The Court held the evidentiary hearing on May 4, 2011, despite Taylor's request for a further adjournment to allow him additional time to find counsel. The Court indicated its reasons for such on the record.

At the evidentiary hearing, Taylor and the Debtor testified regarding the circumstances surrounding the preparation of her bankruptcy petition. The testimony of the two witnesses was diametrically opposed.

Taylor testified that he met with the Debtor twice, once at her home and a second time at his home, and that he had several phone conversations with the Debtor. He further testified that he probably spent approximately 5-6 hours total between meetings with the Debtor and phone conversations with her. He testified that he merely provided Debtor with websites containing information about bankruptcy and that he charged her $400 for his "research" services and the use of his computer. He testified that he did not physically type or write any information onto Debtor's bankruptcy petition. He further testified that, after Debtor attended her 341 Meeting of Creditors, she called and requested that her money be refunded. He testified that he refunded $200 to the Debtor and promised to pay the remainder of his fee the next day; however, he said he never paid the remainder because he could not get in touch with Debtor.

Debtor testified that Taylor physically prepared her bankruptcy petition and that he sat next to her at his computer, asked her questions, and simultaneously typed her responses onto the relevant bankruptcy forms; including her Schedules, Declaration Under Penalty of Perjury for Debtor(s) Without an Attorney, Application to Waive Filing Fee, and Means Test. She further testified that he printed out all of her materials and she immediately signed them and sent them to the court for filing. She also testified that Taylor gave her a packet of information detailing how to proceed with her bankruptcy case post-filing. She testified that she paid Taylor $500 in cash on their first meeting, not $400. She testified that she did ask that her money be refunded after her 341 Meeting of Creditors and that Taylor refunded $200 to her, but that she was unable to get in touch with Taylor to collect the remaining $300.

In light of the substance of the evidence, the Court took the matter under advisement with this opinion to follow.

## II. **Analysis**

a. *Section 110 and the unauthorized practice of law*

On March 5, 2010, this Court entered an opinion in *In re Carol Jean Warfield*, case no. 09-75993, Docket No. 26, which stated in part:

> Section 110 was added to the Bankruptcy Code as part of Bankruptcy Reform Act of 1994. Its purpose is to address abuses perpetrated upon consumer debtors by non-attorney bankruptcy petition preparers. *In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (citing *Consumer Seven Corp. v. United States Trustee (In re Fraga)*, 210 B.R. 812, 816-17 (B.A.P. 9th Cir. 1997)). The rationale was explained:
>
>> This section adds a new section to chapter 1 of title 11 United States Code to create standards and penalties pertaining to bankruptcy petition preparers. Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.
>
> H.R. Rep. 103-834, 103rd Cong., 2nd Sess. at 40-42 (Oct. 4, 1994). While § 110 itself refers to "bankruptcy petition preparers," it clearly does not permit such individuals to engage in activities additional to those they were able to perform prior to the section's enactment. Section 110(k) expressly provides that the section shall not be construed as permitting activities otherwise prohibited by law, including laws regulating the unauthorized practice of law. As one court explained:
>
>> So what does § 110 tacitly permit? The answer in a nutshell is "not much." Section 110 itself proscribes virtually all conduct falling into the category of guidance or advice, effectively restricting "petition preparers" to rendering only "scrivening/typing" services. Anything else -- be it suggesting bankruptcy as an available remedy for a debtor's financial problems, merely explaining how to fill out the schedules, or answering questions about exemptions or whether a claim is or is not secured will invariably contravene either state laws proscribing the unauthorized practice of law or other more specific provisions of § 110. The only service that a bankruptcy petition preparer can safely offer and complete on behalf of a pro se debtor after the enactment of § 110 is the

"transcription" of dictated or handwritten notes prepared by the debtor prior to the debtor having sought out the petition preparer's service. Any other service provided on behalf of the debtor by a non-attorney (even telling the debtor where the information goes on the form) is not permitted under state unauthorized practice of law statutes, and so is also not authorized by § 110.

*In re Guttierez*, 248 B.R. 287, 297-298 (Bankr. W.D. Tex. 2000). *See also*, *In re Gomez*, 259 B.R. 379, 385 (Bankr. D. Colo. 2001) ("Congress' clear intent was that § 110 authorize bankruptcy petition preparers to provide only scrivener services, limited to clerical services such as copying and typing.").

Section 110 was amended as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. As part of the amendments, § 110(e)(2) was added, which provides:

   (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
   (B) The legal advice referred to in subparagraph (A) includes advising the debtor--
     (i) whether--
      (I) to file a petition under this title; or
      (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
     (ii) whether the debtor's debts will be discharged in a case under this title;
     (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
     (iv) concerning--
      (I) the tax consequences of a case brought under this title; or
      (II) the dischargeability of tax claims;
     (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
     (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
     (vii) concerning bankruptcy procedures and rights.

11 U.S.C. § 110(e)(2). The examples of "legal advice" proscribed under paragraph (e) themselves constituting practice of law, the addition of this paragraph did not so much proscribe additional activities as it illustrated clearly for non-attorney bankruptcy petition preparers some of the activities in which they cannot lawfully engage.

In this case, as noted, the two witnesses, Taylor and the Debtor, provided contradictory testimony regarding whether Taylor physically prepared the Debtor's petition. Taylor essentially asserts that he did not physically type or write any information onto Debtor's petition and therefore, he cannot be said to have "prepared" Debtor's petition. However, Debtor's more

4

credible testimony establishes that he did "prepare" Debtor's bankruptcy petition under any definition of that word and that Taylor offered legal advice and committed several acts proscribed by 11 U.S.C. § 110(e)(2), including: (1) deciding under which chapter Debtor's case would be filed and (2) advising Debtor concerning bankruptcy procedure and rights. Debtor testified that Taylor did prepare all of her paperwork by typing the information she provided upon his questioning into his computer. She further testified that Taylor prepared (1) her Application for Waiver of the Filing Fee, (2) her Declaration Under Penalty of Perjury for Debtor(s) Without an Attorney, in which Taylor answered "no" Question 1, which asks: "Did you have help in preparing the documents for your bankruptcy filing," (3) her Means Test, in which Taylor checked the box that states "the presumption does not arise," and (4) her Schedule C, which provides for applicable exemptions. Debtor also testified that Taylor provided her with a packet of information regarding how to proceed with the bankruptcy case after the petition and schedules were filed. While the Court does not know the exact scope and extent of these instructions provided by Taylor as they were not introduced into evidence, it is nearly impossible to imagine any instructions regarding bankruptcy that would not concern bankruptcy procedures and rights and therefore violate § 110(e)(2). The time Taylor admittedly spent with Debtor or on her affairs is particularly telling. His testimony as to what he did (which would take less than one half hour) is totally at odds with the 5-6 hours he admits he spent, and reinforces Debtor's testimony.

While the above activities by Taylor are expressly prohibited by § 110, they also constitute the unauthorized practice of law. As this Court stated in *In re Carol Jean Warfield*, case no. 09-75993, Docket No. 26:

> Unauthorized practice of law is prohibited by Michigan law. *See* M.C.L. § 600.916. Michigan does not define precisely what constitutes the practice of law and that task has been largely left to the judiciary. *In re Bright*, 171 B.R. 799, 801 (Bankr. E.D. Mich. 1994). In *Bright*, a pre 11 U.S.C. § 110 case involving an individual preparing bankruptcy petitions and papers for a fee, this Court looked to Michigan case law examining the unauthorized practice of law in settings outside of bankruptcy, as well as case law from other courts around the country dealing with the issue within bankruptcy settings. The Court determined that several of the paralegal's actions in that case constituted the practice of law, including, inter alia, showing the debtor materials regarding exemptions so that the debtor could decide which exemptions to claim. Much of what this Court said in that case is applicable in this case.

The Trustee also asserts that Taylor violated 11 U.S.C. § 110(b) and (c), which state in part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address . . .
>
> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
> (2)(A) Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document.

As noted, Debtor credibly testified that Taylor prepared all of her paperwork. He failed to include his name, signature, and Social Security account number. Therefore, the Court must conclude that he has also violated 11 U.S.C. § 110(b) and (c).

For those reasons, the Court concludes that Taylor violated 11 U.S.C. § 110(b), (c), and two specific prohibitions of (e), and that his conduct violated § 110(k) as it constituted the unauthorized practice of law.

### b. Remedies

#### 1. Fines

Section 110 provides several different remedies for bankruptcy petition preparers who violate its proscriptions. Additionally, the Court has the inherent power to sanction individuals engaged in the unauthorized practice of law. Section 110(i)(1) provides:

> (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor--
>   (A) the debtor's actual damages;
>   (B) the greater of--
>     (i) $ 2,000; or
>     (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>   (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

The unauthorized practice of law constitutes a fraudulent, unfair, or deceptive act. *In re Tomlinson*, 343 B.R. 400, 407 (E.D.N.Y. 2006); *Scott v. United States Tr. (In re Doser)*, 292 B.R. 652, 659 (D. Idaho 2003); *In re Dunkle*, 272 B.R. 450, 456 (Bankr. W.D. Pa. 2002); *In re Moffett*, 263 B.R. 805, 813 (Bankr. W.D. Ky. 2001). In addition to their unauthorized practice of law, Taylor's conduct also falls within § 110(i)(1) because it violates the explicit prohibitions of § 110(e)(2).

At the hearing, there was no evidence that Debtor sustained actual damages. Pursuant to § 110(i)(1), the Court will thus award Debtor $2,000; and Taylor shall be liable for payment of such. The United States Trustee will be awarded its reasonable attorney fees upon the submission of an affidavit regarding same.

11 U.S.C. § 110(l) provides:

> (1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.
> (2) The Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer –
>     (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;
>     (B) advised the debtor to use a false Social Security account number;
>     (C) failed to inform the debtor that the debtor was filing for relief under this title; or
>     (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.
> (3) A debtor, trustee, creditor, or United States trustee (or bankruptcy administrator, if any) may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.
> (4) (A) Fines imposed under this subsection in judicial districts served by United States trustees shall be paid to the United States trustees, who shall deposit an amount equal to such fines in the United States Trust Fund.

As discussed above, Taylor failed to comply with subsections (b), (c), and (e) of § 110. Taylor also prepared Debtor's bankruptcy petition in a manner that failed to disclose his identity. The Court will thus award $4,500 ($500 for each of the three violations and tripled because Taylor failed to disclose his identity) payable to the United States trustee.

    **2. Civil Penalty**

11 U.S.C. § 526 states, in relevant part:

(a) A debt relief agency shall not –

> (1) Fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;
> (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue and misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;
> (3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to –
> > (A) the services that such agency will provide to such person; or
> > (B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or
> (4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.
>
> \* \* \*
>
> (c)(5) Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may –
> > (A) enjoin the violation of such section; or
> > (B) impose an appropriate civil penalty against such person.

In this case, the Trustee asks the Court to impose a civil penalty against Taylor of $5,000 because he made untrue and misleading statements in Debtor's documents. It has already been established that Taylor did not disclose his identity as a bankruptcy petition preparer and he indicated on Debtor's Declaration Under Penalty of Perjury for Debtor(s) Without an Attorney that she did not have help in preparing her petition. Taylor also failed to disclose to Debtor that he had been enjoined from acting as a bankruptcy preparer. At the close of the evidentiary hearing with regard to this matter, the Trustee asked that the amount of the civil penalty requested be doubled because Taylor committed perjury at that hearing. Pursuant to § 526, the Court, because of the Court's other conclusions, will also impose a civil penalty against Taylor in the amount of $5,000 payable to the Clerk of the Court.

### III. Conclusion

For the reasons set forth above, the Court finds that Taylor engaged in the unauthorized practice of law and otherwise violated 11 U.S.C. § 110 and 11 U.S.C. § 526. Accordingly, (1)

8

Taylor is liable to Debtor in the amount of $2,000 pursuant to § 110(i)(1); (b) the Court will award the United States Trustee its reasonable attorney fees and, in pursuance of such, it shall submit and serve on Taylor an affidavit regarding same and Taylor shall have 10 days from such service to file an objection in writing; no hearing on such an objection shall be heard, unless scheduled by the Court; (c) Taylor shall pay $4,500 to the UST pursuant to § 110(l); and (d) Taylor shall pay $5,000 to the Clerk of the Court pursuant to § 526(c)(5). Said amounts shall be paid by him no later than sixty days after the entry of an order and he shall file an affidavit attesting to same within (3) days of the actual payment date.

       The UST shall prepare and present an appropriate order.

.

    **Signed on June 01, 2011**
                          **_____/s/ Walter Shapero_____**
                        **Walter Shapero**
                        **United States Bankruptcy Judge**